J-S83034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRADLEY GATES, | : | |
| | : | |
| Appellant | : | No. 927 WDA 2018 |

Appeal from the Judgment of Sentence Entered June 8, 2018
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000469-2018,
CP-25-MD-0000043-2018, CP-25-MD-0000044-2018,
CP-25-MD-0000045-2018, CP-25-MD-0000046-2018

BEFORE: PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED APRIL 29, 2019**

Bradley Gates ("Gates") appeals from the judgment of sentence imposed following the revocation of his probation. Additionally, Jessica A. Fiscus, Esquire ("Attorney Fiscus"), has filed a Petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967). We quash the appeal, and dismiss Attorney Fiscus's Petition.

Following a consolidated hearing on January 31, 2018, the trial court found Gates guilty of one count of indirect criminal contempt[1] at dockets CP-25-MD-0000043-2018 ("No. 43-2018"), CP-25-MD-0000044-2018, CP-25-MD-0000045-2018, and CP-25-MD-0000046-2018 (collectively, the "contempt dockets"), resulting from violations of a Protection From Abuse

_____

[1] 23 Pa.C.S.A. § 6113(a).

Order obtained by his wife.  The trial court imposed a $300 fine at each docket number.  At No. 43-2018, the trial court sentenced Gates to a term of 1 to 6 months in prison, with credit for time served.  The trial court sentenced Gates to 6 months of probation at each of the remaining contempt dockets.  The probationary terms were ordered to run concurrently with one another, but consecutive to the prison term imposed at No. 43-2018.

On April 9, 2018, Gates pled guilty to one count of receiving stolen property[2] at CP-25-CR-0000469-2018 ("No. 469-2018").  The trial court sentenced Gates to 2 to 12 months in prison, with immediate parole, and restitution in the amount of $2,797.58.  The trial court ordered Gates's sentence at No. 469-2018 to be served concurrently with any other sentence he was then serving.

On February 21, 2018, the trial court entered an Order at No. 43-2018, granting Gates parole.[3]

Gates subsequently entered a guilty plea for indirect criminal contempt. On June 8, 2018, the trial court conducted a **Gagnon II**[4] hearing at all five dockets.  Gates admitted that he violated his probation by incurring a new indirect criminal contempt charge, and by violating the probation condition prohibiting contact with the victim.  At No. 469-2018, the trial court revoked

---

[2] 18 Pa.C.S.A. § 3925.

[3] Gates remained in prison until April 9, 2018, **see** N.T., 6/8/18, at 6, although the reason for this delay is not apparent from the certified record.

[4] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

Gates's parole, and sentenced him to serve the remainder of his 2 to 12-month prison term, with credit for time served. The trial court ordered Gates's sentence at No. 469-2018 to be served consecutive to any other sentence he was then serving. At No. 43-2018, the trial court revoked Gates's parole, and sentenced him to serve the remainder of his 1 to 6-month prison term, with credit for time served. The trial court ordered Gates's sentence at No. 43-2018 to be served consecutive to the sentence imposed at No. 469-2018. At each of the remaining contempt dockets, the trial court revoked Gates's probation and sentenced him to consecutive terms of 1 to 6 months in prison.

Gates filed a timely Notice of Appeal. In lieu of filing a concise statement, Attorney Fiscus filed a Statement of her intention to file an *Anders* brief. Attorney Fiscus subsequently filed a Petition for leave to withdraw as counsel and an *Anders* Brief.

Before considering the merits of Gates's claims, we must first address the fact that Gates filed a single Notice of Appeal for all five docket numbers. Pennsylvania Rule of Appellate Procedure 341(a) provides that "an appeal may be taken as of right from any final order of a … trial court." Pa.R.A.P. 341(a). Additionally, the Official Note to Rule 341 directs that "[w]here … one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed." *Id.*, Official Note.

In *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), our Supreme Court clarified that "[t]he Official Note to Rule 341 provides a bright-line

mandatory instruction to practitioners to file separate notices of appeal." **Id.** at 976-77. Accordingly, the **Walker** Court held that the failure to comply with the dictates of Rule 341 and its Official Note would result in quashal of the appeal. **Id.** at 977; **see also id.** (indicating that the Court's holding would be applied prospectively only, as "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law….").

The **Walker** opinion was filed on June 1, 2018. Here, Gates filed his Notice of Appeal, listing all five docket numbers, on June 20, 2018.[5] Because Gates's non-compliant Notice of Appeal was filed after the date of the **Walker** decision, we are constrained to quash the appeal.[6] **See Walker**, 185 A.3d at 977; **Commonwealth v. Williams**, 2019 PA Super 81 (Pa. Super. filed March

_____

[5] On July 10, 2018, this Court issued a Rule to Show Cause why Gates's appeal should not be quashed, pursuant to **Walker**. Gates filed a timely Response, arguing that **Walker**, which involved an appeal from a single order disposing of separate motions filed by four defendants at four separate docket numbers, **see Walker**, 185 A.3d at 971, is inapplicable to the instant case, which concerns only one defendant. Gates also argued that **Walker** does not apply because the trial court imposed a sentence on all five matters during one hearing. On July 25, 2018, this Court issued an Order discharging the Rule to Show Cause, and referring the issue to the merits panel. We conclude that Gates's attempt to distinguish the circumstances of his case is unavailing, as neither Rule 341 nor **Walker** indicates that a different standard must apply when multiple docket numbers concern the same defendant. Instead, as the certified record reflects that the trial court imposed a separate sentence at each docket number, Gates's appeal clearly involves "one or more orders [which] resolves issues arising on more than one docket or relating to more than one judgment[,]" Pa.R.A.P. 341, Official Note, and thus fits squarely within the dictates of **Walker**.

[6] We note that the quashal of the instant appeal is without prejudice to Gates's ability to file a petition for relief pursuant to the Post Conviction Relief Act, seeking reinstatement of his direct appeal rights, *nunc pro tunc*.

20, 2019) (quashing appeal where appellant filed a single notice of appeal containing multiple docket numbers on June 5, 2018, just four days after the *Walker* decision).

Appeal quashed. Jurisdiction relinquished. Petition for leave to withdraw dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/29/2019